Kent, Ch. J.
delivered the opinion of the court. The plaintiff sues on the ground of being assignee of Joseph Coulon’s policy, and we are therefore to consider the case as if Joseph Coulon was the plaintiff. If Joseph Coulon had made no payment to Forbes, there would then be no *154 difficulty in the case, as the deduction made to the company of tjie premium, would have been what Joseph Cou*. fon was bound to do, for the premium was his proper debt. jj^"e do not think that the payment of Joseph Coulon to jforbes ought to alter the case, it being without the privity o;r knowledge of the defendants. All that the defendants intended to respond for, and all that in equity they ought tp be answerable for, was the premium due the insurers ; and they, knowing the object of the note, were presumed tp know that in case of loss, the fund coming to Joseph Coulon would, in the first instance, be liable for that pre? mium. Here was with them a fair calculation of eventual safety in one event, and, under that calculation, they endorse to accommodate the agent of Joseph. -They ought not, then, in justice, to be put in a worse situation by an arrangement between Forbes and Coulon, to which they were strangers. As, therefore, the suit is not upon the pote, in which as endorsers they might have been held to strict legal obligation by their endorsement, and in which the technical rules of law; would have prevailed, but as they are sued in a form of action in which the broad equity of the transaction is unfolded, we are of opinion they ought not to be liable.. "We put out of view the payment of Joseph Coulon to Forbes, and consider the dectaction *of the premium as a payment by Forbes of bis proper debt, and which was a just satisfaction of the note.[1]
Postea to the defendants.

 See Ely v. Hallett, p. 58, note, and cases cited; and see N. T, Dig. val 3, p. 141.